**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| BENITO VALLADARES, individually and on behalf of a Class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | No. |
| ALVARADO MANUFACTURING CO., INC., a California corporation, | ) ) ) | |
| *Defendant.* | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Benito Valladares ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Alvarado Manufacturing Company, Inc. ("Alvarado") to stop Defendant's collection, use and storage of individuals' biometric information and/or identifiers in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and as to all other matters upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other individuals' biometric identifiers and/or biometric information without informed written consent, in direct violation of BIPA.

1

2.     A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, palm scans, and DNA, among others.  "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier which is used to identify an individual.   740 ILCS § 14/10.

3.     The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information.  For example, Social Security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5(c).

4.     In recognition of the concern over the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity such as Alvarado may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of their biometric identifiers or information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.  740 ILCS 14/15.

5.     In direct violation of the foregoing provisions, Defendant actively captures, collects, stores, and/or uses, without obtaining informed written consent or publishing its biometric information and/or identifier retention and deletion policies, the biometrics of thousands of consumers throughout the State of Illinois whose fingerprints and other biometric identifiers and/or

2

information are captured and stored as part of Defendant's "intelligent admission control" services that it provides to various large capacity facilities and venues.

6.      Each visitor's fingerprints that are collected by Defendant's systems upon entry to its clients' facilities are unique to that individual, and Defendant's collection and use of the biometric identifiers and information exposes every individual to serious and irreversible privacy risks – risks that BIPA was designed to avoid – including the ever-present risk of a data breach of Defendant's systems, exposing the patron's biometrics to hackers and other wrongdoers worldwide.

7.      On behalf of the proposed Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful biometric collection and use activity and an award of the greater of actual or statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8.      Defendant is a California corporation that conducts business in Illinois which provides "intelligent admission control" solutions to large sports, recreational and other multiuse facilities in Illinois and elsewhere throughout the country.

9.      Plaintiff is, and has been at all relevant times, a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

10.     Defendant Alvarado is, and has been at all times relevant herein, registered to do business in the State of Illinois.

11.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount

in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Alvarado transacts business in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.  Additionally, venue is proper because Plaintiff resides in this District.

## BACKGROUND

13.     The Illinois Legislature enacted BIPA to regulate entities, such as Defendant, that collect and store biometric identifiers and information such as fingerprints, handprints, and other such unique markers.

14.     Under BIPA, private entities may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifiers or information unless it first:

> (1) Informs the person in writing that a biometric identifier or biometric information is being collected;
>
> (2) Informs the person in writing of the specific purpose and length of time for which a person's biometric identifier or biometric information is being collected, stored and used; and
>
> (3) Receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

15.     Moreover, Section 15(a) of BIPA requires that a private entity in possession of biometric identifiers or biometric information must develop:

> a.   A written policy;

4

      b.   Available to the public;

      c.   Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

      d.   Within three years of the individual's last interaction with the private entity, or when the initial purpose of for collecting or obtaining biometric identifiers and biometric information has been satisfied.

740 ILCS 14/15(a).

16.     Defendant is a "private entity" as defined pursuant to BIPA.  *See* 740 ILCS 14/10.

17.     For years, leading sports, recreational and multiuse facilities have relied on Defendant for "intelligent admission control" solutions, with Defendant's technology currently in place at over 200 of the largest recreational facilities worldwide.

18.     While most facilities simply use paper tickets to track patrons' entry, exit, and re-entry, Defendant's clients have employed the use of, *inter alia*, fingerprint biometric identifiers to track their patrons.  Defendant's admission technology accomplishes this through the use of biometric devices, such as the GateLink 10 device, amongst others, which capture, store and use an individual's fingerprints to track their coming and going from the facility.  These fingerprints constitute biometric identifiers and biometric information under BIPA.  Unlike ID cards or key codes – which can be changed or replaced if stolen or compromised – fingerprints are unique, permanent biometric identifiers associated with the individual.

19.     Defendant's practices of collecting, obtaining, capturing, storing and using Illinois residents' biometric identifiers and/or information is unlawful under BIPA, as such practices fail to satisfy each of the enumerated requirements described above, and therefore severely

5

compromise each patron's right to privacy with regard to their biometric identifiers and information.

## FACTUAL SPECIFIC TO PLAINTIFF

20.     Plaintiff is a resident of Chicago and during the relevant period patronized one or more facilities whose admission control was operated by Defendant.

21.     During this time, Defendant had developed an "intelligent admission control" service which relies on biometric identifiers and information in the form of fingerprints to track patrons entering and exiting such facilities.

22.     Defendant installed a number of biometric admission control devices at facilities in Illinois which many patrons, including Plaintiff, attended, and which captured, stored and used their fingerprints.  After Plaintiff and other individuals attending Defendant's facilities had their fingerprints initially captured, their biometric identifiers and/or information associated with their identities was used by Defendant and/or its customers to identify them and control their access to the facility.

23.     After a patron's biometrics are initially obtained and captured by the Defendant's admission control devices, on each occasion the consumer wishes to enter or exit the venue he or she is required to again scan their fingerprints into Defendant's biometric devices to confirm their identity.

24.     On each occasion that a patron of one of Defendant's clients' facilities scans their fingerprints through Defendant's biometric devices, Defendant is capturing the patron's biometric identifiers and/or information without regard to Illinois statutory notice and disposition requirements promulgated under BIPA.

25.     Prior to taking Plaintiff's biometric identifiers and/or information, Defendant did not inform Plaintiff in writing that a biometric identifier or biometric information was being collected, stored, or used, or make their policy about collection and use of such information publicly available as required by BIPA.

26.     Prior to taking Plaintiff's biometric identifiers and/or information Defendant did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric identifiers and/or information were being collected, stored and used.

27.     Prior to taking Plaintiff's biometric identifiers and/or information Defendant did not make a written policy available to the public that establishes a retention schedule and guidelines for permanently destroying the biometric identifiers and information that it collects, as required by the BIPA. 740 ILCS 14/15(a).

28.     To this day, Plaintiff is unaware of the status of his biometric identifiers and/or information that was taken by Defendant.  He does not know if Defendant still retains his biometrics, and if it does, for how long it intends to retain such identifiers and/or information without his consent.  Additionally, Defendant did not obtain consent for any transmission to third parties of Plaintiff's and the other putative class members' biometrics.

29.     In fact, on information and belief, Defendant does not communicate to patrons of its clients' facilities in any way what happens to their biometric identifiers and/or information after they are collected and obtained, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the biometric identifiers and/or information when the patron leaves the facility, or if Defendant itself were to be acquired, sold or go through bankruptcy.

30.     By knowingly and willfully failing to comply with BIPA's mandatory notice, release, and policy publication requirements, Plaintiff and the other members of the Class have

continuously been exposed to substantial privacy risks, with such constant exposure constituting a severe harm and violation of their rights.

## CLASS ALLEGATIONS

31.    Plaintiff brings this action on behalf of himself and a class of similarly situated individuals as the Court may determine to be appropriate for class certification treatment, pursuant to 735 ILCS § 5/2-801.  Plaintiff seeks to represent the following Class defined as:

> All persons who had their biometric identifiers and/or information captured, obtained, stored or otherwise used within the State of Illinois by Alvarado Manufacturing Company, Inc. at any time within the applicable statutory limitations period.

32.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer, director, or employee of Defendant; and any immediate family member of such officer, director, or employee.

33.    Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable.  Although the exact number of Class members is currently unknown to Plaintiff, the members of the Class can be easily identified through Defendant's records.

34.    Plaintiff's claims are typical of the claims of the Class members he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other Class members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to all of the other members of the Class.  As alleged herein, Plaintiff and the other putative Class members have all suffered damages as a result of Defendant's BIPA violations.

35.    There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect

individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a.  Whether Defendant collects, captures, stores and/or uses the biometrics of Class members;

    b.  Whether Defendant develops and makes available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by BIPA;

    c.  Whether Defendant obtained a written release from Class members before collecting, capturing, storing, or using Class members' biometric identifiers and/or information;

    d.  Whether Defendant provides a written disclosure to patrons of its clients' facilities which explains the specific purposes, and the length of time, for which their biometrics were being collected, captured, stored or used before taking their biometrics;

    e.  Whether Defendant's conduct violates BIPA;

    f.  Whether Defendant's violations of BIPA are willful and reckless; and

    g.  Whether Plaintiff and the other Class members are entitled to damages and injunctive relief.

36.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive, and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

37.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

38.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I

**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,
(on behalf of Plaintiff and the Class)**

39.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric identifiers and/or information.  Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41.     BIPA also requires that companies in possession of biometric identifiers and/or information establish and maintain a publicly available retention policy.  Companies that possess biometric identifiers and/or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric identifiers and information (companies may not retain biometric identifiers or information longer than three years after the company's last interaction with the customer); and (ii) must adhere to the publicly posted retention and deletion schedule.

42.     Defendant is a private entity under the BIPA.

43.     Plaintiff and the other Class members had their "biometric identifiers," including but not limited to fingerprints, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA.  740 ILCS 14/10.

44.     Every time Plaintiff and the other members of the Class scanned their fingerprints into Defendant's biometric "admission control" devices, Defendant captured, collected, stored, and used Plaintiff's and the Class members' biometric identifiers and/or biometric information without valid consent and in violation of BIPA requirements because Defendant failed to:

   a.  Obtain the written release required by 740 ILCS 14/15(b)(3);

   b.  Inform Plaintiff and the Class in writing that their biometric identifiers or biometric information was being collected and stored, as required by 740 ILCS 14/15(b)(1);

   c.  Inform Plaintiff and the Class in writing of the specific purpose for which their biometric identifiers and/or information were being collected, stored and used, as required by 740 ILCS 14/15(b)(2);

d.  Inform Plaintiff and the Class in writing of the specific length of term their biometric identifiers and/or information were being stored and used, as required by 740 ILCS 14/15(b)(2); and

e.  Provide a publicly available retention schedule detailing the length of time biometric identifiers and/or information are stored or guidelines for permanently destroying the biometric identifiers and/or information it stores, as required by 740 ILCS 14/15(a).

45.  By collecting, storing, and using Plaintiff's and the other Class members' biometric identifiers and/or information as described herein, Defendant violated Plaintiff's and the Class members' respective rights to privacy in their biometric identifiers and information as set forth in BIPA. 740 ILCS 14/15(a).

46.  BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the act. 740 ILCS 14/20(1).

47.  Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements.  Alternatively, Defendant negligently failed to comply with the disclosure, consent, and policy posting requirements under BIPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Valladares, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above;

b.  Appointing Plaintiff as class representative and Plaintiff's counsel as class counsel;

c. Declaring that Defendant's actions, as set forth herein, violate BIPA;

d. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information;

e. Awarding actual or statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding actual or statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);

g. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

h. Awarding pre- and post-judgment interest, as allowable by law; and

i. Awarding such further and other relief as the Court deems just and equitable.

Dated: August 18, 2017                          Respectfully Submitted,

                                                BENITO VALLADARES, individually and
                                                on behalf of a class of similarly situated
                                                individuals

                                                By:  /s/ William P.N. Kingston
                                                     One of His Attorneys

Evan M. Meyers
Eugene Y. Turin
William P.N. Kingston
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
eturin@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the putative class*